REQUESTED BY: Dear Senator DeCamp:
This is in reply to your letter of January 30, 1980, concerning LB 306 as it has been amended as of January 30, 1980.
You ask this office to comment on the constitutionality of this act in general, on the effects of the Chambers amendment, and anything else that this office believes in studying the act might be pertinent for a legislator to know.
With your letter you enclosed a copy of LB 306 as amended. You also enclosed a copy of 40 Neb. L. Rev. 153 (1960). The law review article reviews section 30-624, R.R.S. 1943, which section was repealed in 1974. Section30-624 was similar to LB 306.
It is the opinion of this office that LB 306 as amended prior to its amendment by Senators Chambers and Beutler was constitutional. The bill was carefully drafted to avoid the constitutional problems set forth in 40 Neb. L. Rev. 153.
This office is also of the opinion that LB 306 as amended, including the amendments by Senators Chambers and Beutler is constitutional.
Prior to amendment by Senators Chambers and Beutler, LB 306 as amended, provided in part as follows:
 "Section 1. Upon the death of any joint owner of property, except a multiple-party account, the surviving joint owner shall be personally liable to the personal representative of the decedent for debts, taxes, and expenses of administration, including statutory allowances to the surviving spouse, minor children, and dependent children, if other assets of the estate are insufficient, to the extent of the decedent's beneficial interest in the property immediately before his or her death. . ."
After amendment by Senators Chambers and Beutler, LB 306 as amended provided in part as follows:
 "Section 1. Upon the death of any joint owner of property, except a multiple-party account, the surviving joint owner shall be personally liable to the personal representative of the decedent for debts contracted for in writing, taxes and expenses of administration, including statutory allowances to the surviving spouse, minor children, and dependent children, if other assets of the estate are insufficient, to the extent of the decedent's beneficial interest in the property immediately before his or her death; Provided, no creditor shall have any rights after the death of the decedent than such creditor would have had prior to the death of the decedent. . ."
We take it from your letter that your main concern is the effect on LB 306 as amended if Senator Chamber's proviso were to be construed totally contradictory or repugnant to the purview or main body of the bill. Even if the proviso added by Senator Chambers amendment would be construed as directly repugnant to the purview or body of LB 306 as amended, this would not render LB 306 as amended unconstitutional.
Our Supreme Court has not ruled on the effect of a proviso which is directly repugnant to the purview or body of an act. Other jurisdictions have ruled on this point and the majority rule is as stated in 73 Am.Jur.2d, Statutes, 321:
 "The fundamental principle of interpretation that effect should be given to all parts of a statute requires that some effect should be given to a proviso when that can be done in accordance with the recognized rules of construction. Similarly, since the office of a proviso is not to repeal the main provisions of the act but to limit their application, no proviso should be so construed as to destroy those provisions. While there is contrary authority, the rule now generally approved is that a proviso which is directly repugnant to the purview or body of the act is inoperative and void for repugnancy."
Even if Senator Chamber's proviso were to be construed as partially inconsistent, this office is of the opinion that LB 306 as amended would not be unconstitutional. In 82C.J.S. Statutes, § 381(4), it is stated at page 889:
 ". . . It is generally agreed that, where the inconsistency is only partial, the proviso is valid and prevails to the extent of the inconsistency."
No other comments are offered.